United States District Court

WESTERN        DISTRICT OF       OKLAHOMA

UNITED STATES OF AMERICA
V.
DONALD RAY HASTINGS,
a/k/a "D-Loc"

CRIMINAL COMPLAINT

CASE NUMBER: M-08-227-P

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

### COUNT 1

On or about May 7, 2007, in the Western District of Oklahoma, the defendant, knowingly and intentionally distributed a mixture or substance containing a detectable amount of approximately 45.4 grams of cocaine base (crack), Schedule II controlled substance, to a cooperating witness.

All in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a(n) Special Agent of the Federal Bureau of Investigation and that this complaint is based on the following facts:

See attached Affidavit of Special Agent Celso Ramos, III, Federal Bureau of Investigation, which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:    X Yes    No

Signature of Complainant
CELSO RAMOS, III
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence, on this 9th day of December, 2008, at Oklahoma City, Oklahoma.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT

I, Celso Ramos, III, a Special Agent (SA) of the Federal Bureau of Investigation (FBI), Oklahoma City Division, being duly sworn, state:

## AFFIANT'S EXPERIENCE

1. I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18 of the United States Code.

2. I have been employed as a Special Agent with the FBI since September 2007, and have been assigned to the Oklahoma City Division of the FBI for approximately seven months.

## PURPOSE OF AFFIDAVIT

3. This Affidavit is submitted in support of a warrant for the arrest of **Donald Ray Hastings** a.k.a **D-Loc** for distributing cocaine base, commonly known as "crack", a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1).

## FACTS AND CIRCUMSTANCES

4. I am aware of the information set forth below through direct participation in this investigation, conversations with other law enforcement officers, and review of reports prepared by other law enforcement officers.

5. The investigation of **Donald Ray Hastings** has been a joint effort of the Oklahoma City Police Department (OCPD), Oklahoma County Sheriff's Office (OCSO), and the FBI.

6. On May 7, 2008, SA Gary R. Johnson and Task Force Officer (TFO) Scott Smith met with a Confidential Source (CS). This CS continues to work with law enforcement and information he/she has provided has been corroborated and proven to be truthful and reliable. The CS and his/her

vehicle were searched prior to the transaction and no money or contraband was located. The CS was provided with a recording device and $1,400.00 in pre-recorded U.S. currency, in order to attempt to purchase two ounces of crack from **Hastings.** The purchase of the two ounces of crack was set up by an unwitting black female, acting as an intermediary.

7. At approximately 3:25 p.m. the recorder was turned on and the CS left to pick up the female at Barnes & Noble located at May and Memorial. After picking her up, the female borrowed CS's phone and called **Hastings** to let him know they were on their way. The CS drove to **Hastings'** mother's home at 3105 NE 16th Street. It should be noted that **Hastings'** mother is deceased and **Hastings** frequently stays at the house.

8. Upon arrival at the residence the CS recognized **Hastings'** Grand Marquise. This was the only car at the house. The female exited CS's vehicle and approaches the front of the house. A black male came out on to the front porch, where the CS could see him, then they both went inside the residence while CS waited in the vehicle. The female returned to the CS's car and told him/her **Hastings** wanted $1,500.00 instead of the $1,400.00 expected. Since the CS only had $1,400.00, the female returned to the residence in an attempt to re-negotiate the price. When the female came back outside, the black male again came out on the porch where the CS could see him. The female told CS, **Hastings** agreed to the previous price of $1,400.00, and provided him/her the substance she had purchased from **Hastings**.

9. After the purchase was complete, CS dropped off the female at the McDonald's located west of Broadway Extension on Britton Road. At approximately, 4:16 p.m., CS met SA Johnson and TFO Smith at an agreed location. The recorder was turned off at that time.

10. CS told SA Johnson and TFO Smith he/she provided the female with the $1,400.00

in evidence funds, who provided it to **Hastings**. **Hastings** gave the female the crack cocaine, who then provided it to CS. The CS provided the crack cocaine to TFO Smith. The substance was submitted to the Oklahoma City Police Forensic Laboratory by TFO Smith and it tested positive for cocaine base (crack). Laboratory net weight of the crack cocaine is 45.4 grams, which is a little less than two ounces. During the debriefing, the CS identified a photograph of the black male he/she had seen at the house. The photograph was of **Donald Ray Hastings.** This was the only person seen by the CS and surveillance during the course of the transaction. The unwitting female did not indicate that anyone else was inside the residence.

11. Based upon my training and experience, and the above facts and circumstances, I believe there is probable cause to believe that **Donald Ray Hastings** a.k.a. **D-Loc** distributed cocaine base, commonly known as "crack," a Schedule II controlled substance, all in violation of Title 21, United States Code Section 841(a)(1).

Celso Ramos, III
Special Agent, FBI

Signed and sworn to before me this the 9th day of December, 2008.

GARY M. PURCELL
United States Magistrate Judge